IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR HERNANDEZ JIMENEZ, | § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| V. | § § | NO. _____ |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GeoVera Specialty Insurance Company ("GeoVera") files this, its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and the amount in controversy, and respectfully shows the following:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 23, 2019, Plaintiff Omar Hernandez Jimenez ("Plaintiff") filed his Original Petition, styled *Omar Hernandez Jimenez v. GeoVera Specialty Insurance Company*, Cause No. 2019-59199, in the 215th District Court in and for Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to his property under an insurance policy issued by GeoVera.

2. Plaintiff served GeoVera with a copy of the Original Petition on or about September 11, 2019.

3. On September 25, 2019, GeoVera filed its Original Answer to Plaintiff's Original Petition.

4. As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, being filed simultaneously with the filing of this Notice of Removal:

| | |
|---|---|
| **Exhibit A:** | Index of Matters Being Filed |
| **Exhibit B:** | Docket Sheet – Case Summary Sheet |
| **Exhibit C:** | Civil Process Request |
| **Exhibit D:** | Plaintiff's Original Petition |
| **Exhibit E:** | Civil Process Pick Up Form |
| **Exhibit F:** | Citation |
| **Exhibit G:** | Answer to Plaintiff's Original Petition |
| **Exhibit H:** | List of Parties and Counsel |
| **Exhibit I:** | Declaration of Adrienne H Nelson |

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.     Plaintiffs and Defendant GeoVera are Diverse.**

7. Upon information and belief, Plaintiff, Omar Hernandez Jimenez, is an individual residing in Harris County, Texas;

8. Defendant, GeoVera Specialty Insurance Company, is incorporated under the laws of the State of Delaware, with its principal place of business in Fairfield, California. GeoVera is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and GeoVera.

**B.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

11. When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*,

47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

12. Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiff pleads in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting a Plaintiff to plead for damages not exceeding $74,000 as Plaintiff has done here. *See* Plaintiff's Original Petition, at ¶2.

13. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

14. Here, this dispute involves the adjustment of a residential insurance claim wherein Plaintiff asserts ongoing economic damages totaling at least $39,870.03 in actual damages.[1] In addition, Plaintiff's policy limits are as follows: Dwelling limits of $161,000; Other Structures limits of $16,000; Personal Property limits of $80,500; and Loss of Use limits of $32,200.[2]

---

[1] Plaintiff's Estimate by Case Strategies, dated May 21, 2018.

[2] *See* Declaration of Adrienne H Nelson as *Exhibit I*. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250,

15. Plaintiff attempts to frustrate this Court's federal diversity jurisdiction by stating in his Petition that he "seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs."[3] However, no stipulation to limit the amount in controversy was filed with Plaintiff's Original Petition to prevent removal[4] and Plaintiff is silent on whether, at a later time, he will accept an award of greater than $75,000 if monetary relief actually awarded by a jury is more than $75,000.[5]

16. Because no stipulation to limit the amount in controversy was filed with Plaintiff's Original Petition and Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in his/her pleadings and other filings, Plaintiff's affirmation[6] without more, does not provide sufficient certainty that Plaintiff would not be able

---

1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[3] Exhibit D, ¶2.

[4] "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]'" *De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995)* (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

[5] *See* Plaintiff's Orig. Pet.

[6] that he "seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs"

to recover more in state court than the amount he seeks.[7]

17. In addition, Plaintiff seeks actual damages, trebled damages, exemplary damages, statutory interest, pre-judgment interest, post-judgment interest, an award of attorney fees for trial and any appeal of this case, and costs of suit. *See* Plaintiff's Original Petition at IX. Prayer. Given the nature of the case, policy limits, Plaintiff's claim of $39,870.03 in actual damages, and damages sought, Plaintiff has greatly exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

18. GeoVera has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

## III.
## CONCLUSION

Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

---

[7] *See* FN4; *see also Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No. 24029862
So. Dist. No.: 17055
Adrienne H. Nelson
State Bar No.: 24069867
So. Dist. No.: 2276091

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email: anelson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2019, a true and correct copy of the foregoing document was served by in accordance with the Texas and Federal Rules of Civil Procedure to the following counsel of record:

| *Via Electronic Filing:* | *Via Electronic Filing:* |
|---|---|
| Anthony G. Buzbee | Stephen R. Walker |
| Christopher J. Leavitt | Gregory J. Finney |
| THE BUZBEE LAW FIRM | Juan A. Solis |
| JP Morgan Chase Tower | Law Offices of Manuel Solis, PC |
| 600 Travis St., Ste. 6850 | 6657 Navigation Blvd. |
| Houston, TX 77002 | Houston, TX 77011 |
| Telephone: (713) 223-5393 | Telephone: (713) 277-7838 |
| Facsimile: (713) 223-5909 | Facsimile: (281) 377-3924 |
| Email: tbuzbee@txattorneys.com | Email: swalker@manuelsolis.com |
| Email: cleavitt@txattorneys.com | Email: gfinney@manuelsolis.com |
| *Counsel for Plaintiff* | Email: jusolis@manuelsolis.com |
| | *Counsel for Plaintiff* |

*/s/ Adrienne H. Nelson*
Rhonda J. Thompson
Adrienne H. Nelson