IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR HERNANDEZ JIMENEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3970 |
| | § | |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Omar Hernandez Jimenez ("Plaintiff") sued Defendant Geovera Specialty Insurance Company ("Defendant") in the 215th District Court of Harris County, Texas.[1] Defendant timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 5). For the reasons stated below, Plaintiff's Motion to Remand will be denied.

## I. Legal Standard

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. "The party seeking to assert

---

[1]Defendant Geovera Specialty Insurance Company's Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1; Citation, Exhibit F to Notice of Removal, Docket Entry No. 1-6, p. 1. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Jurisdictional facts must be judged as of the time of the filing of the state court petition. White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003) (per curiam). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When removal is premised upon diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." Manguno, 276 F.3d at 723. Generally, the amount alleged in the state court petition determines the amount in controversy so long as it was pled in good faith. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). If the jurisdictional amount is not apparent from the face of the state court petition, the court may rely on summary judgment-type evidence. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

If a defendant shows that on the face of the state court petition or by a preponderance of the evidence the amount in controversy exceeds $75,000, the plaintiff may defeat removal by showing with legal certainty that the claims alleged are for less than $75,000. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). A Texas plaintiff who wishes to avoid removal by limiting his recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition. St. Paul Reinsurance, 134 F.3d at 1254 n.18.

## II. Analysis

The parties agree they are citizens of different states and dispute only whether the amount in controversy exceeds $75,000. Plaintiff argues the action should be remanded because (1) his state court petition alleges that he seeks a maximum of $74,000, (2) his pre-suit demand letter to Defendant shows that the amount in controversy was less than $75,000, and (3) Plaintiff has filed a binding stipulation that he and his attorney will not seek or recover more than $75,000.[3] Defendant responds that Plaintiff's allegations and stipulation do not effectively defeat jurisdiction and that the preponderance of the evidence supports that the amount in controversy is more than $75,000.[4]

---

[3]Motion to Remand, Docket Entry No. 5, p. 5 ¶¶ 12-14.

[4]Defendant's Response to Plaintiff's Motion to Remand ("Defendant's Response"), Docket Entry No. 6, pp. 6-7, 9.

A.  Original State Petition

In state court Texas Rule of Civil Procedure 47 requires plaintiffs to state in an original petition the range of monetary relief sought among five pre-defined ranges. Tex. R. Civ. P. 47(c). The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Id. Texas rules do not permit plaintiffs to request a specific amount of damages beyond one of the ranges. See id.; Espinoza v. Allstate Texas Lloyd's, 222 F. Supp. 3d 529, 535 (W.D. Tex. 2016). Accordingly, when a plaintiff alleges in his Texas state court petition that his claim does not exceed $75,000, his pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction. Id.; Chavez v. State Farm Lloyds, Civil Action No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016); see also A & C Discount Pharmacy, L.L.C. v. Caremark, L.L.C., Civil Action No. 3:16-CV-0264-D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016). Furthermore, damages alleged in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because a plaintiff may supersede those allegations with amended pleadings. See, e.g., Sosa v. Central Power & Light, 909 S.W.2d 893, 895 (Tex. 1995) ("Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.").

Plaintiff's Original Petition alleges that he seeks relief in Rule 47's under-$100,000.00 range and further specifies that he seeks "a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs."[5] The paragraph then states: "Removal would be improper because there is no federal question . . . [and] the matter in controversy does not exceed the sum or value of $75,000."[6] This pleading contravenes Texas state court rules and would not have bound Plaintiff to recover less than $75,000; it serves solely to avoid federal jurisdiction. The alleged maximum of $74,000 was not made in good faith and therefore does not control the action's amount in controversy. Espinoza, 222 F. Supp. 3d at 535.

### B. Demand Letter

Plaintiff argues that his pre-litigation Demand Letter shows that the true amount in controversy is less than $75,000. The Demand Letter sought $39,870.03 for damages, plus $4,300 for other expenses and attorney's fees.[7] It also threatened litigation under the Texas Deceptive Trade Practices Act, where the damages would be subject to trebling, although Plaintiff stated he would not seek more than $75,000 if he sued.[8] But that statement did not bind

---

[5] Plaintiff's Original Petition, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 1 ¶ 2.

[6] Id.

[7] Demand Letter, Exhibit 1 to Motion to Remand, Docket Entry No. 5-1, p. 2.

[8] Id.

Plaintiff; a plaintiff must file a binding stipulation along with the complaint to conclusively establish the amount in controversy and avoid removal. See St. Paul Reinsurance, 134 F.3d at 1254 n.18; Maley v. Design Benefits Plan, Inc., 125 F. Supp. 2d 197, 200 (E.D. Tex. 2000). Disregarding the letter's non-binding promise, the letter includes a claim for treble damages plus attorney's fees, which exceed $75,000.[9] The Demand Letter therefore evidences that the amount in controversy exceeds $75,000. See St. Paul Reinsurance, 134 F.3d at 1255 (considering a demand letter to find the amount in controversy). Accordingly, the court has diversity jurisdiction over the action unless Plaintiff can show that it is a legal certainty he will not recover more than $75,000.

C. Stipulation

Plaintiff signed a declaration on November 5, 2019, stating that he does not seek an award exceeding $75,000, which post-dates the action's removal on October 11, 2019.[10] A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. See, e.g., Mokhtari v. Geovera Specialty Insurance Co., Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); Espinola-E v. Coahoma

---

[9]$39,870.03 multiplied by three is $119,610.09.

[10]Notice of Removal, Docket Entry No. 1, p. 1; Binding Stipulation and Declaration of Omar Hernandez Jimenez, Exhibit 2 to Motion to Remand, Docket Entry No. 5-2, pp. 1-2.

Chemical Co., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished). The stipulation must be filed in state court before removal because federal courts determine removal jurisdiction on the basis of the claims in state court as they existed at the time of removal. See Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256, 264 (5th Cir. 1995); Maley, 125 F. Supp. 2d at 200. A subsequent event that would reduce the amount in controversy to less than $75,000, such as a binding stipulation executed after removal, generally does not divest the court of diversity jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Because Plaintiff did not file his Binding Stipulation in state court before removal, the stipulation is not effective to defeat the court's jurisdiction. Id.; Flanagan v. Clarke Road Transport, Inc., Civil Action H-18-2324, 2018 WL 3869968, at *2 (S.D. Tex. Aug. 15, 2018).

### III. Conclusions and Order

The court concludes it has diversity jurisdiction over this action because the parties are diverse and the amount in controversy exceeded $75,000 at the time of removal. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 5) is **DENIED**.

**SIGNED** at Houston, Texas, on this 19th day of December, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE